THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| GARY BENNETT SIMPSON, | ) | |
| Plaintiff, | ) | |
| vs. | ) ) ) ) | CIVIL CASE NO. 1:25-cv-00364-MR-WCM |
| VICKI JENNINGS, | ) ) | |
| Defendant. | ) ) | |
| GARY BENNETT SIMPSON, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL CASE NO. 1:25-cv-00365-MR-WCM |
| ESTHER E. MANHEIMER, et al., | ) ) | |
| Defendants. | ) ) | |
| GARY BENNETT SIMPSON, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL CASE NO. 1:25-cv-00366-MR-WCM |
| PAMELA BONDI, et al., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF DECISION AND ORDER**

**THIS MATTER** is before the Court on the Plaintiff's Applications to Proceed Without Prepaying Fees or Costs filed in each of the above-referenced cases [Doc. 2] and for an initial review of these Complaints pursuant to 28 U.S.C. § 1915.

## I. BACKGROUND

### A. Case No. 1:25-cv-00320-MR-WCM

The Plaintiff Gary Bennett Simpson first filed a civil action on September 19, 2025, against Josh Stein, the Governor of North Carolina, and other North Carolina officials, asserting a claim of "discrimination" under federal law. [Doc. 1 at 3]. Specifically, the Plaintiff asserted that "not all state roads have sidewalks" and that "people on Long term disability can't retire early." [Id. at 4] (errors uncorrected). For relief, the Plaintiff sought $1 trillion in damages. [Id.]. On September 29, 2025, the Court dismissed this action as frivolous. [Doc. 4]. In so doing, the Court warned the Plaintiff that future frivolous would result in the imposition of a pre-filing review system. [Id. at 3].

### B. The Present Actions

On October 21, 2025, the Plaintiff appeared in person at the Clerk's Office and filed the present three civil actions. In the first action, Case No. 1:25-cv-000364-MR-WCM ("the '364 Action"), the Plaintiff asserts a claim of

discrimination against Vicki Jennings, the program manager for Mountain Mobility, Buncombe County's community transportation system. [364 Action: Doc. 1 at 2]. As grounds for his claim, the Plaintiff alleges that "some people ride free and other people have to pay." [Id. at 3]. He asserts no other factual allegations in support of his claim. He seeks $1 trillion in damages. [Id. at 4].

In the second action, Case No. 1:25-cv-000365-MR-WCM ("the '365 Action"), the Plaintiff asserts a claim of discrimination against the Mayor of Asheville and other city officials, alleging that there are "no sidewalks on all city roads, city parks don't have handicap bathrooms." ['365 Action, Doc. 1 at 3]. As in the first action, the Plaintiff asserts no other factual allegations in support of his claim and seeks $1 trillion in damages. [Id. at 4].

In the third action, Case No. 1:25-cv-000366-MR-WCM ("the '366 Action"), the Plaintiff asserts a claim of discrimination against the United States Attorney General and the Director of the FBI, alleging that the Defendants "refuse to let [him] talk to a agent, refuse to enforce ADA law and discrimination laws." ['366 Action, Doc. 1 at 3]. The Plaintiff asserts no other factual allegations in support of his claim. He seeks $100 million in damages. [Id. at 4].

In each civil action, the Plaintiff submits an application to proceed with these cases without the prepayment of costs and fees. Other than listing his monthly disability payment, however, the Plaintiff failed to complete the rest of these applications.

## II. STANDARD OF REVIEW

Because the Plaintiff, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

4

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

### III. DISCUSSION

#### A. Applications to Proceed with Prepaying Fees or Costs

The Plaintiff seeks to proceed with these actions without the prepayment of fees and costs. [Doc. 2]. While he asserts in his Applications that he receives monthly disability payments, the remainder of the Applications—which seek information about his employment history, assets,

and monthly expenses—are left entirely blank. Because the Plaintiff's Applications are incomplete, the Court is unable to determine whether the Plaintiff lacks the resources with which to pay the required filing fees. Accordingly, the Plaintiff's Applications are denied without prejudice.

### B. Section 1915 Review of the Complaints

In each of his actions, the Plaintiff claims that he has been discriminated against in various respects. However, his Complaints are so vague and lacking in factual support that the Court cannot discern any plausible legal claim that could possibly be stated against any of the named Defendants. For these reasons, the Court concludes that the Plaintiff's Complaints are subject to dismissal as frivolous and for failing to state a claim upon relief can be granted.

When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss these civil actions without prejudice.

The Plaintiff was previously warned that future frivolous filings would result in the imposition of a pre-filing review system. Simpson v. Stein, No.

6

Case 1:25-cv-00366-MR-WCM    Document 3    Filed 11/18/25    Page 6 of 9

1:25-cv-00320-MR-WCM, ECF Doc. 4 (W.D.N.C. Sept. 29, 2025). A pre-filing review system is not a sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. As noted above, the

Plaintiff has now filed four frivolous actions in this Court. Despite the Court clearly explaining the baselessness of the Plaintiff's original filing and warning him of possible sanctions, the Plaintiff continues to file meritless pleadings. These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Applications to Proceed Without Prepaying Fees or Costs [Doc. 2] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's Complaints are **DISMISSED WITHOUT PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

**IT IS SO ORDERED.**

Signed: November 17, 2025

Martin Reidinger
Chief United States District Judge